UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
--------------------------------x
NOVA GROUP, INC.,               :
                                :
        Petitioner,             :
    v.                          :    Civ. No. 3:11CV342(AWT)
                                :
UNIVERSITAS EDUCATION, LLC,     :
                                :
        Respondent.             :
--------------------------------x
```

**ORDER RE MOTION TO DISMISS OR TRANSFER**

For the reasons set forth below, the respondent's motion is being granted and this action is being transferred to the Southern District of New York.

Section 1404(a) provides that a district court may transfer "any civil action to any other district or division where it might have been brought" when such a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992).

The petitioner, Nova Group, Inc. ("Nova"), seeks to vacate an American Arbitration Association ("AAA") award of approximately $26.5 million issued in favor of respondent Universitas Education, LLC ("Universitas"). Nova has its

-1-

principal place of business in Connecticut, and Universitas has its principal place of business in New York.  Nova commenced this action in Connecticut Superior Court and Universitas removed the action to this court.  The parties disagree as to whether this court lacks jurisdiction over Universitas.  However, "even if there is no personal jurisdiction over the defendants, and [regardless of] whether . . . venue is proper in the district," the court may transfer the case if a transfer would be "in the interest of justice."  Corke v. Sameiet M.S. Song of Nor., 572 F.2d 77, 80 (2d Cir. 1978).

The factors to be considered in connection with a motion pursuant to § 1404(a) include:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc., 522 F.3d 271, 275 (2d Cir. 2008) (citing D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006)).  Two additional factors that are customarily included in § 1404(a) analysis in this district are the district court's familiarity with the governing law, and trial efficiency and the interest of justice.  See Alden Corp. v. Eazypower Corp., 294 F. Supp. 2d 233, 237 (D. Conn. 2003) (citing

U.S. Surgical Corp. v. Imagyn Med. Techs., Inc., 25 F. Supp. 2d 40, 46 (D. Conn. 1998)).  The burden of justifying a transfer under § 1404(a) is ordinarily on the moving party.  See Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978), overruled on other grounds by Pirone v. MacMillan, Inc., 894 F.2d 579 (2d Cir. 1990).

First, as to the weight accorded the plaintiff's (here the petitioner's) choice of forum, this factor weighs against transfer.  The plaintiff's choice of forum is "entitled to substantial consideration."  In re Warrick, 70 F.3d 736, 741 (2d Cir. 1995).  However, "a plaintiff's choice of forum is given less weight where the case's operative facts have little connection with the chosen forum."  Alden v. Eazypower Corp., 294 F. Supp. 2d at 237.  See also TM Claims Serv. v. KLM Royal Dutch Airlines, 143 F. Supp. 2d 402, 404 (S.D.N.Y. 2001); 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 134 (S.D.N.Y. 1994).  As discussed below, that is the situation here.  Thus, this factor weighs against transfer, but it should not be given substantial weight.

Second, as to the convenience of witnesses, the court concludes that this is a neutral factor.  Universitas states that it does not anticipate that any witnesses will be called in any action to confirm or vacate the arbitration award, and Nova does not dispute this point.

Third, as to the location of relevant documents and relative ease of access to sources of proof, the court concludes that this is a neutral factor. A motion to confirm or vacate an award is resolved based on the record created during the arbitration, and here that record is in the possession of both parties in electronic format. See <u>Jones v. Walgreen Co.</u>, 463 F. Supp. 2d 267, 277 (D. Conn. 2006) (where documents "are in electronic format that could be transmitted with relative ease," the location-of-documents factor "has no bearing on the decision to transfer.").

Fourth, as to the convenience of the parties, the court concludes that this factor weighs in favor of transfer. The Charter Oak Trust Welfare Benefit Plan (the "Plan"), which was created by Nova, provides that the exclusive venue for resolving disputes arising under the Plan is arbitration before the AAA in New York, New York. Nova's conduct shows that the Southern District of New York is a convenient forum for it. Universitas contends that paying for local counsel for litigation in Connecticut would strain its limited financial resources, especially while it is continuing to incur legal fees for proceedings in New York. The AAA recognized that Universitas has limited financial resources by granting Universitas a deferral of its share of the arbitration fees in June 2010, at the arbitration's outset.

Fifth, as to the locus of operative facts, the court concludes that this factor weighs in favor of transfer.  To determine the locus of operative facts, a court must look to the "site of the events from which the claim arises." Alden v. Eazypower Corp., 294 F. Supp. 2d at 237.  The petitioner is seeking to vacate an arbitration award issued in New York.  Although both the Plan and the arbitration are governed by Connecticut law, no part of the arbitration took place in Connecticut.  Therefore, the locus of operative facts is the Southern District of New York.  See Crow Constr. Co. v. Jeffrey M. Brown Ass'n, Inc., No. 01 CIV 3839, 2001 WL 1006721, at *3-4 (S.D.N.Y. Aug. 31, 2001) (locus of operative facts is the place where arbitration occurred).  Nova argues that Universitas and its agents engaged in a systematic and continuous pattern of communication with Nova in Connecticut, seeking to obtain life insurance proceeds.  However, the contacts that were in fact made by Universitas and its agents with Nova in Connecticut were all made in an effort to persuade Nova not to withhold the monies Universitas claimed were due.  Thus, the contacts were made after the claim arose, as opposed to being events from which the claim arose.

Sixth, as to the availability of process to compel unwilling witnesses, the court concludes that this is a neutral factor.  Universitas states that no witnesses will be called in this case,

and Nova does not dispute this point.

Seventh, as to the relative means of the parties, the court concludes that this factor weighs in favor of transfer.  The president of Nova submitted an affidavit in connection with the arbitration, attesting to the fact that the Plan's assets exceeded $35 million.  As mentioned above, the AAA recognized that Universitas has limited financial resources.

Eighth, as to the district court's familiarity with the governing law, the court concludes that this is a neutral factor.  This case will require the application of federal law and Connecticut law, which the courts in both jurisdictions are capable of applying.  See Mak Mktg. Inc. v. Kalapos, 620 F. Supp. 2d 295, 311-12 (D. Conn. 2009)("the 'governing law' factor is to be accorded little weight on a motion to transfer venue because federal courts are deemed capable of applying the substantive law of other states.").

Ninth, as to trial efficiency and the interest of justice, the court concludes that this factor weighs heavily in favor of transfer.  "There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided."  Wyndham Assoc. v. Bintliff, 398 F.2d 614, 619 (2d Cir.

1968); accord Somerville v. Major Exploration, Inc., 576 F. Supp. 902, 908 (S.D.N.Y. 1983) ("The existence of a related action in the transferee district is a strong factor to be weighed in the interest of judicial economy."). The Southern District of New York is the forum of two proceedings involving the petitioner and the respondent concerning the matters being contested in this action. First, the $26.5 million award was the result of a three-day "Phase One" hearing that took place entirely in New York, and the parties are bound to arbitrate "Phase Two" in New York. Second, the respondent's motion to confirm the arbitration award is currently pending in the Southern District of New York.

Given that trial efficiency and the interest of justice weigh heavily in favor of transfer; that the convenience of the parties, the locus of operative facts and the relative means of the parties weigh in favor of transfer; that the plaintiff's choice of forum weighs against transfer but should not be given substantial weight; and that the remaining factors are neutral, the court concludes that the respondent has met its burden of demonstrating that the balance of convenience favors transfer to the Southern District of New York. In fact, the pertinent factors militate strongly in favor of such a transfer.

Finally, for the reasons set forth by Universitas in its reply memorandum (Doc. No. 20), the court concludes that the first-filed doctrine does not apply here because the § 1404(a)

factors militate strongly in favor of transfer to the Southern District of New York, and Nova's filing in Connecticut was an improper anticipatory filing.  See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (the first-filed rule for determining the proper venue is inapplicable when there are special circumstances such as manipulative behavior or when the balance of convenience favors the second-filed action).

Accordingly, Respondent's Motion to Dismiss the Petition or to Transfer the Action to the United States District Court for the Southern District of New York (Doc. No. 12) is hereby GRANTED.  The Clerk is ordered to transfer this action to the Southern District of New York.

It is so ordered.

Dated this 16th day of November, 2011 at Hartford, Connecticut.

/s/<br>
Alvin W. Thompson<br>
United States District Judge